## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

**IN RE**

**BILL J. CONNLEY**                                                              **CASE NO. 20-21027**

**DEBTOR**

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR STAY RELIEF

Before the Court is Creditor Martin E. Clark's Motion to Determine Application of the Automatic Stay, Or, in the Alternative, For Relief from the Automatic Stay with Regard to Possession of Property at 244 Cleveland Avenue #3, Bellevue, Kentucky 41073 [ECF No. 11 (the "Motion")]. Debtor Bill J. Connley filed a Response [ECF No. 19] thereto and Creditor filed a Reply [ECF No. 28]. The Court has heard and considered counsel's arguments, and this matter is ripe for a decision.

### BACKGROUND

The pertinent facts are undisputed.   Creditor leased residential real property to Debtor for a one-year term starting on October 1, 2019.   Debtor did not vacate the premises at the term's end and, on October 9, 2020, Creditor filed a forcible detainer complaint against Debtor in the district court in Campbell County, Kentucky.   That court held a hearing on the complaint and entered a forcible detainer judgment in Creditor's favor on October 20; it states, in pertinent part, that "either party may file an appeal within 7 (seven) days of the entry of this judgment."   [ECF No. 11 at 10 (capitalization and emphasis removed).]   Three days later, on October 23, Debtor filed his chapter 7 petition in this Court, within the appeal period on the forcible detainer judgment.

Creditor filed the Motion on October 27, 2020.   Creditor contends that the automatic stay imposed by § 362(a) does not prohibit him from continuing the state court forcible detainer lawsuit

against Debtor because Debtor has no right to possess the property.[1]   Creditor argues in the alternative

that, if the automatic stay does apply, the exception to the automatic stay under § 362(b)(22) permits

Creditor to continue eviction proceedings as Debtor has not complied with the process set forth in

§ 362(l).   Creditor does not request relief from the automatic stay pursuant to § 362(d).

Debtor opposes the Motion based on his view of Kentucky statutes governing the landlord-tenant

relationship.   Debtor offers that the automatic stay applies because Creditor seeks to continue litigating

a prepetition civil proceeding against Debtor to obtain property of Debtor's estate.   Debtor maintains

that Creditor had not obtained a "final judgment of possession" prepetition under Kentucky law and,

therefore, the exception to the automatic stay in § 362(b)(22) is inapplicable.   As a result, Debtor avers,

he does not need to comply with § 362(l).

## ANALYSIS

### I.    Jurisdiction.

The Court has jurisdiction over this matter.   28 U.S.C. § 1334(b).   Venue is proper in this

District.   28 U.S.C. §§ 1408, 1409.   This is a core proceeding, and the Court is authorized to enter a

final order adjudicating this matter.   28 U.S.C. § 157(b)(2)(A) and (O).

### II.    The Automatic Stay.

The filing of a bankruptcy petition "operates as a stay and is applicable to the continuation of a

judicial proceeding against the debtor."   *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th

Cir. 2000).   More specifically, § 362(a) automatically stays an "action or proceeding against the debtor

that was or could have been commenced before the commencement of the case under this title, or to

recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

11 U.S.C. § 362(a)(1).   It also prevents creditors from taking action "to obtain possession of property of the estate."   11 U.S.C. § 362(a)(3).

However, "[l]ike all general rules, there are exceptions to the automatic stay. . . .   When the automatic stay is implicated two determinations are necessary: a) first, is the matter something which would be stayed absent an exception to the stay; and b) if the matter would be stayed, does an exception under § 362(b) or other applicable law apply?"   *Wohleber v. Skurko, et al. (In re Wohleber)*, 596 B.R. 554, 567 (B.A.P. 6th Cir. 2019).   Creditor offers arguments addressing both required determinations.

### III.    A tenancy by sufferance under Kentucky law is a property interest protected by the automatic stay.

Creditor argues that the automatic stay does not protect Debtor's possessory interest in the premises because that interest is not property of the bankruptcy estate.   Creditor maintains that, because Debtor's lease "expired on its own terms," Debtor "has no legal right to possession of the leased premises" as a "holdover tenant," and his "right to possession under state law expired, at the latest, on October 20, 2020, when the [state district court] entered the [forcible detainer judgment] against him." [ECF No. 11 at 2.]   Creditor also posits that "bankruptcy law does not give [Debtor] any additional rights of possession, especially when the Debtor failed to follow the prescribed procedures [under § 362(l)] to seek an extension of possession."   [*Id.*]   Creditor cites no authority for these statements.

"Property of the estate generally includes all legal and equitable interests of the debtor in property as of the commencement of the case.   § 541(a)(1).   Although federal law controls whether an interest of the debtor is property of the estate, a debtor's property interests are defined by state law."   *In re Weber*, Case No. 20-60423, 2020 Bankr. LEXIS 2328, at *3 (Bankr. N.D. Ohio Sept. 1, 2020 (citing *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 700 (6th Cir. 1999)).

Accordingly, Kentucky law defines Debtor's property interests here, and Kentucky's "holdover statute" details a tenant's property rights upon lease termination:

If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety (90) days after said day, and possession may be recovered without demand or notice if proceedings are instituted within that time. But, if proceedings are not instituted within ninety (90) days after the day of expiration, then none shall be allowed until the expiration of one (1) year from the day the term or tenancy expired. At the end of that year the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year, until he abandons the premises, is turned out of possession, or makes a new contract.

KY. REV. STAT. § 383.160(1).   If a tenant remains in possession during the 90 days after lease termination, the tenant is known as a "tenant by sufferance."   *Long's Ex'rs v. Bischoff*, 277 Ky. 842, 127 S.W.2d 851, 853-54 (Ky. 1939) (citation omitted).

The Sixth Circuit, applying federal law—specifically, the Bankruptcy Code—already has explained that a tenancy by sufferance under Kentucky law is property of a debtor's bankruptcy estate that is protected by the automatic stay.   *See In re Convenient Food Mart No. 144, Inc.*, 968 F.2d 592, 594 (6th Cir. 1992) ("a tenancy at sufferance is a possessory interest in real property within the scope of the estate in bankruptcy under section 541").   Accordingly, Creditor's first argument fails.   Continuing a judicial proceeding to evict Debtor from the premises, and thus to obtain possession of property of Debtor's bankruptcy estate, would violate § 362(a)(1) and (3) as these actions are stayed absent an exception.

**IV.    The exception to the automatic stay in § 362(b)(22) is inapplicable here.**

Creditor's alternative argument is that he obtained a "final judgment of possession" prepetition such that the exception to the automatic stay in § 362(b)(22) applies here.   Creditor contends that Debtor's failure to appeal the state court's forcible detainer judgment within seven days renders that judgment final, and this final judgment terminated Debtor's right to possession of the premises.   The Court disagrees.

4

Debtor filed this bankruptcy case three days after entry of the forcible detainer judgment and before the seven-day appeal period ran.   The filing of Debtor's petition stayed the period in which to appeal the judgment, and the stay remains in place until it is terminated.   Specifically, the Code provides:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, … and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362 … with respect to such claim.

11 U.S.C. § 108(c).   Creditor contends that the automatic stay did not prohibit Debtor from appealing the forcible detainer judgment, but this is incorrect.   *See Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983) (holding that whether a proceeding is against a debtor "must be ascertained from an examination of the debtor's status at the initial proceeding," and concluding that "the automatic and mandatory stay of § 362(a) attaches to the instant appellate proceedings" the debtor pursued following an adverse trial court determination on claims brought against the debtor).

Moreover, in Kentucky, eviction of a tenant at suffrage is a two-step process.   First, generally speaking, a landlord must file a forcible detainer complaint in state district court, have the complaint served prior to a trial, and obtain a judgment against the tenant for restitution of the premises.   KY. REV. STAT. §§ 383.210, 383.215, 383.240.   The tenant is granted seven days to appeal the judgment.   KY. REV. STAT. § 383.255.   Upon the expiration of this period, if no appeal is filed and the tenant has not vacated, the landlord must obtain a warrant from the court authorizing the sheriff (or a constable) to effect an eviction.   KY. REV. STAT. § 383.245.   Under Kentucky law, the warrant of eviction serves as the "final judgment of possession" for purposes of § 362(b)(22).   Here, Creditor did not obtain a

5

warrant of eviction prepetition, and therefore the exception to the automatic stay at § 362(b)(22) does

not apply.   Further, because this exception to the stay is inapplicable, Debtor had no obligation to

satisfy the exception-to-the-exception in § 362(l).

**CONCLUSION**

For these reasons, the Court concludes that the § 362(a) automatic stay came into effect upon

the filing of Debtor's petition and prohibits Creditor's continuation of forcible detainer proceedings

against Debtor in the state district court until the Court grants relief from the automatic stay.

Accordingly, the Motion is DENIED.

6

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
**_Tracey N. Wise_**
**Bankruptcy Judge**
**Dated: Thursday, November 19, 2020**
**(tnw)**